IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

HIRE ORDER LTD, d/b/a )
AFTON ARMS, et al., )
 )
 )
    Plaintiff, )
 )
v. ) Civil Action No.01:10-cv-1464
 )
EDGAR A. DOMENECH, Special )
Agent in Charge, Washington )
Field Division, Bureau of )
Alcohol, Tobacco, Firearms, )
And Explosives, )
 )
    Defendant. )

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Edgar Domenench's Motion to Dismiss.

Plaintiffs are federally licensed firearms dealers. Plaintiff Hire Order, Ltd., holds a federal firearms license authorizing it to conduct business as a dealer in firearms from its business premises in Virginia. Plaintiff Robert W. Privott holds a license authorizing him to deal firearms from his business premises in North Carolina. Plaintiffs challenge Revenue Ruling 69-59, 1969-1 C.B. 360, available at 1969 WL 18703, issued by the Alcohol, Tobacco, and Firearms Division of the Internal Revenue Service ("ATF") in 1969, which addresses

conduct of federal firearms licensees at gun shows.[1]
Specifically, Plaintiffs allege that, because of Revenue Ruling 69-59, they have refrained from doing what, they assert, they are not prohibited from doing under the Gun Control Act ("GCA") at a gun show in Chantilly, Virginia.

The GCA, 18 U.S.C. §§ 921-930, and its implementing regulations govern the sale and distribution of firearms. That statute requires that any person desiring to engage in the firearms business must first apply for and receive a federal firearms license from the Attorney General. 18 U.S.C. § 923. The applicant must have "in a State . . . premises from which he conducts business subject to a license." 18 U.S.C. § 923(d)(1)(E). Most relevant to this civil action, the GCA also bars a federal firearms licensee from selling or delivering firearms to any person the federal firearms licensee knows or has reason to believe "does not reside in . . . the state in which the licensee's place of business is located . . ." 18 U.S.C. § 922(b) & (b)(3).

In 1969, ATF issued Revenue Ruling 69-59 to address the conduct of federal firearms licensees while at gun shows.[2] Revenue Ruling 69-59 provides in pertinent part:

---

[1]

[2] Revenue Rulings were issued by the former Alcohol, Tobacco and Firearms Division of the Internal Revenue Service. Effective July 1, 1972, ATF became a separate bureau within Treasury, 1975-2 A.T.F.B. 9, 1975 WL 28668 (T.D. Order 120-1 (formerly 221)), and Revenue Rulings became ATF Rulings.

2

> [A] person holding a valid license may engage in the
> business covered by the license only at the specific
> business premises for which his license has been
> obtained. Thus, a licensee may not sell firearms or
> ammunition at a gun show held on premises other than
> those covered by his license. He may, however, have a
> booth or table at such a gun show at which he displays
> his wares and takes orders for them, provided that the
> sale and delivery of the firearms or ammunition are to
> be lawfully effected from his licensed business
> premises only and his records properly reflect such
> transactions.

Revenue Ruling 69-59, 1969-1 C.B. 360, available at 1969 WL 18703.

The GCA was amended in 1986 pursuant to the Firearms Owners Protection Act ("FOPA"), Pub. L. No. 99-308, to allow a federal firearms licensee to temporarily conduct business at a gun show located in the same state as specified on the license. 18 U.S.C. § 923(j). Although passage of the in-state gun show exception meant Revenue Ruling 69-59 no longer applied to in-state federal firearms licensees at in-state gun shows, FOPA did not impact the ruling as it pertained to the interstate conduct of out-of-state federal firearms licensees at out-of-state shows.

Plaintiff Hire Order, a Virginia licensee, claims it has refrained from receiving firearms at the Nation's Gun Show in Chantilly, Virginia, from Plaintiff Privott because of Revenue Ruling 69-59. Likewise, Plaintiff Privott, a North Carolina licensee, claims he has refrained from offering firearms for sale at the gun show because of ATF's Revenue Ruling 69-59.

3

Plaintiffs contend, without explanation in their Complaint, that contrary to Revenue Ruling 69-59, it is not unlawful under the GCA for a federally licensed dealer to sell or deliver a firearm at a gun show to another federally licensed dealer who resides in another state. Plaintiffs request relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, et seq.

Defendant now moves to dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Defendant contends that (1) this Court lacks jurisdiction over Plaintiffs' declaratory judgment claim because the United States has not waived sovereign immunity; (2) Plaintiffs have failed to state a claim under the APA; and (3) Plaintiffs' APA claims are barred by the statute of limitations.

In reviewing a 12(b)(1) motion, the plaintiff has the burden of establishing subject matter jurisdiction. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995). Here, Plaintiffs assert subject matter jurisdiction based on the federal question statute, 28 U.S.C. § 1331. Because this action is brought against a federal official acting in his official capacity, Defendant contends that the claim is against the United States and is barred by sovereign immunity. Defendant further argues that because neither 28 U.S.C. § 1331, nor the

4

Declaratory Judgment Act, 28 U.S.C. § 1101, waives sovereign immunity, Plaintiffs' action is only cognizable under the APA.

Though Plaintiff has sued a federal official, "the general rule is that relief sought nominally against an officer is in fact against the sovereign if the decree would operate against the latter." Hawaii v. Gordon, 373 U.S. 57, 58 (1963). A suit operates against the sovereign "if the effect of the judgment would be to 'restrain the government from acting or compel it to act.'" Dugan v. Rank, 372 U.S. 609, 620 (1963) (quoting Larson v. Domestic & Foreign Corp., 337 U.S. 682, 704 (1949)). A suit against the sovereign is, of course, barred unless an exception to sovereign immunity applies. See, e.g., Virginia Office of Protection and Advocacy v. Stewart, __ U.S. __, 131 S.Ct. 1632, 1638 (2011).

Plaintiffs have named Edgar Domenech as the defendant, who served as Special Agent in Charge of the Washington Field Office of the ATF. They seek as relief, however, not to challenge Defendant's enforcement of the Revenue Ruling against them, but rather to obtain a declaration that Plaintiff Afton may receive firearms at the Nation's Gun Show in Chantilly, Virginia from Plaintiff Privott for subsequent transfer at the gun show to non-federally licensed Virginia residents. This relief would operate against the United States, as noted in a similar case in this district brought by one of the Plaintiffs before this

5

Court. Golden and Zimmerman, LLC v. Domenech, 599 F. Supp. 2d 702, 708 (E.D. Va. 2009), aff'd, 599 F.3d 246 (4th Cir. 2010). "Although the United States is not named in the action, a judgment in plaintiffs' favor would operate against the government by prohibiting it from prosecuting certain actions as violations of the GCA." Id. Sovereign immunity bars this action absent a specific waiver by Congress.

The APA contains such a waiver. That statute waives sovereign immunity for suits by persons claiming "legal wrong" or who have been "adversely affected or aggrieved as a result of agency action." 5 U.S.C. § 702. While sovereign immunity may not bar this action, the statute of limitations applicable to the APA creates an insurmountable hurdle for Plaintiffs.

The APA does not include its own statute of limitations; rather, "[a]ccording to the general statute of limitations for claims against the government, however, 'every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues.'" Jersey Heights Neighborhood Ass'n v. Glendening, 174 F.3d 180, 186 (4th Cir. 1999) (quoting 28 § U.S.C. 2401(a)). "Because an action against a federal agency is an action against the United States, a complaint under the APA for review of an agency action is a 'civil action' within the meaning of section 2401(a)." Id.

Defendant construes Plaintiffs' Complaint as a facial challenge to Revenue Ruling 69-59, and Plaintiffs do not dispute this interpretation in their Opposition to the Motion to Dismiss. Thus, the only final agency action Plaintiffs appear to challenge is Revenue Ruling 69-59 itself. That ruling was issued over 40 years ago, well outside the applicable six-year statute of limitations.

Nevertheless, Plaintiffs contend that they may still challenge Revenue Ruling 69-59 because their right to file a civil action did not accrue until they obtained their federal firearms licenses in 2008. But "[t]he right of action first accrues on the date of the final agency action." Harris v. FAA, 353 F.3d 1006, 1010 (D.C. Cir. 2004). Because the final agency action—the issuance of Revenue Ruling 69-59—occurred more than six years ago, Plaintiffs' facial challenge to Revenue 69-59 is time barred.

Plaintiffs also fail to identify any sort of conduct by the ATF or Defendant that would allow them to circumvent the statute of limitations. A plaintiff may challenge a final agency action after the limitations period has expired when the challenge is to the "issuing agency exceed[ing] its constitutional or statutory authority. To sustain such a challenge, however, the claimant must show some direct, final agency action <u>involving the particular plaintiff</u> within six years of filing this suit."

7

Dunn-McCampbell Royalty Interest, Inc. v. National Park Service, 112 F.3d 1283, 1287 (5th Cir. 1997)(emphasis added). Plaintiffs' Complaint does not identify any final agency action regarding application of the Revenue Ruling directed at them within the past six years. Nor does Plaintiffs' Complaint identify the second method of obtaining judicial review of agency regulations once the limitations period has run: "petitioning the agency for amendment or rescission of the regulations and then to appeal the agency's decision." N.L.R.B. Union v. Federal Labor Relations Authority, 834 F.2d 191, 195 (D.C. Cir. 1987). Plaintiffs do not plead any facts alleging that they have taken petitioned the ATF to rescind Revenue Ruling 69-59.

Because the statute of limitations bars this action, this Court lacks jurisdiction to hear this case, see Dunn-McCampbell Royalty Interest, Inc., 112 F.3d at 1287, and it must be dismissed.

An appropriate order shall issue.

/s/
Claude M. Hilton
United States District Judge

Alexandria, Virginia
May 26, 2011